IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 17-CR-30201-NJR |
| v. | ) | |
| | ) | |
| GEORGE RHODES, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S POST-PLEA WAIVER OF INDICTMENT CHALLENGE

Defendant, George Rhodes, after full consultation with his attorney, Stephen Welby, hereby waives any right he has under *Rehaif v. United*, ___ U.S. ___ (June 21, 2019) to challenge the indictment in this case and states as follows:

1. On April 8, 2019, Defendant pleaded guilty to the indictment in this case which, in Count 2, charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

2. Consistent with Seventh Circuit precedent at the time, the indictment did not allege that defendant knew that he was a felon at the time he possessed the identified firearm.

3. On June 21, 2019, the United States Supreme Court issued its opinion in *Rehaif v. United States*, ___ U.S. ___ (2019), in which the Court held that in prosecutions under 18 U.S.C. § 922(g), the United States must allege and prove that a defendant "knew that he belonged to the relevant category of persons barred from possessing a firearm" under federal law.

4. Defendant has discussed the *Rehaif* decision with his attorney and understands that the Supreme Court's holding may provide him with "a fair and just reason" for moving to withdraw his guilty plea under Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. Defendant further understands that if he did move to withdraw his guilty plea, and that such motion was granted, the United States could seek a Superseding Indictment in which it was alleged that Defendant was aware that he was a felon at the time he possessed the firearm.

5. After consultation with his attorney, and with a full understanding of his rights and how *Rehaif* applies in his case, Defendant knowingly and voluntarily waives any challenge he may have to the indictment in this case in light of *Rehaif*.

6. Defendant affirmatively states to this Court that he wishes to persist in his plea of guilty despite the Supreme Court's holding in *Rehaif*. In doing so, Defendant admits that he knew that he was a felon at the time he possessed the firearm and acknowledges that the United States could prove that he knew so.

6. Defendant understands and agrees that this waiver also extends to any right he has under *Rehaif* to challenge the indictment, his conviction, and his sentence in a direct appeal or collateral attack under any provision of Title 18 or Title 28 of the United States Code or any other provision of federal law.

_____  
GEORGE RHODES  
Defendant  
Date: 7-2-19

_____  
STEPHEN WELBY  
Attorney for Defendant  
Date: 7-2-19