**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GEORGE RHODES,**<br><br>**Defendant.** | **Case No. 3:17-CR-30201-NJR-1** |

# ORDER TERMINATING SUPERVISED RELEASE

**ROSENSTENGEL, District Judge:**

On April 21, 2025, Defendant George Rhodes was released from the custody of the Bureau of Prisons after serving a term of imprisonment for possessing a weapon as a felon. (*See* Doc. 126). The same day, he began serving a three-year term of supervised release. (*Id.*). Rhodes has now filed a *pro se* Motion for Early Termination of Supervised Release. (Doc. 123).

Under 18 U.S.C. § 3583(e)(1), "the court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Here, Rhodes has served more than one year of supervised release. He states that he has remained fully compliant with all conditions of his release, he has maintained steady employment, and he has passed all drug tests. (Doc. 123). Since being released from prison, Rhodes has secured his own housing, completed a college construction course, earned his

forklift license, obtained OSHA certification, and received his driver's license. (*Id.*). In addition to these accomplishments, Rhodes helps his brother run his lawn care business and is proud of the progress he has made and the direction in which his life is moving.

United States Probation does not oppose Rhodes's motion, as Rhodes has fulfilled all financial obligations, has been compliant with all terms of his supervised release, has maintained employment, and has support from his family members. (Doc. 126).

The Government, however, opposes early termination of Rhodes's supervised release. The Government argues that Rhodes was an armed career criminal when he was sentenced based on two prior violent felony convictions and one felony drug conviction. It also points to Rhodes's criminal history, which began at age 16 when he pleaded guilty to burglary and was placed on one year of supervision. Rhodes's criminal activity continued throughout his teens and early 20s, including three convictions for battery, two convictions for aggravated battery, one conviction for unlawful delivery of a controlled substance, and one conviction for disorderly conduct. The Government also notes that Rhodes has a history of having his probation revoked or extended, and it argues that the Court's denial of Rhodes's motion for compassionate release in 2021 was based in part on the 18 U.S.C. § 3553(a) sentencing factors and Rhodes's disregard for the law. Given the nature and circumstances of the offense, Rhodes's history and characteristics, the need to promote respect for the law, and the need to protect the public from further crimes, the Government argues that Rhodes should not be granted an early termination of his supervised release.

After considering the motion, the Government and U.S. Probation's positions, and the § 3553(a) factors, the Court finds that Rhodes's conduct and the interest of justice warrants the early termination of his supervised release. The Government's opposition to Rhodes's

motion is based on offenses committed 15 to 20 years ago when Rhodes was in his teens and early 20s. Many of the battery convictions are related to bar fights, and one occurred at a football game when Rhodes was 16. (*See* Doc. 84). Rhodes, who is now 40 years old, states that he is genuinely committed to rebuilding his life, advancing his career, and contributing to his family and community. And although the Court found the § 3553(a) factors weighed against compassionate release in 2021, at that time Rhodes had served less than two years of his sentence. Since Rhodes has been on supervised release, he has demonstrated excellent behavior, respect for the law, and a desire to be a productive member of society. The Court commends Rhodes on his personal growth.

For these reasons, the Motion for Early Termination of Supervised Release filed by Defendant George Rhodes (Doc. 123) is **GRANTED**. The previously imposed term of supervised release is **TERMINATED** as of the date of this Order.

**IT IS SO ORDERED.**

**DATED: November 9, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**